UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.   08 CR 223-3 |
| v. | ) | |
| | ) | Hon. Virginia Kendall |
| WALLACE BUTCHER, et al. | ) | |
| | ) | |

**DEFENDANT'S CONSOLIDATED PRELIMINARY PRETRIAL MOTIONS, REQUEST FOR AN EXTENSION OF TIME TO FILE ADDITIONAL PRETRIAL MOTIONS AND SUPPORTING MEMORANDUM OF LAW**

Defendant Wallace Butcher, by and through his attorneys, Neal, Gerber & Eisenberg, LLP, hereby respectfully submits the following Consolidated Preliminary Pretrial Motions, Request for an Extension of Time, and Supporting Memorandum of Law.

I.   **RELEVANT BACKGROUND**

On or about March 18, 2008, the Government filed a Criminal Complaint (hereinafter the "Complaint") alleging that defendants Harold Perkins, Roberto Duran, Wallace Butcher and David Maldonado engaged in a conspiracy to possess with intent to distribute controlled substances, in violation of Title 21 United States Code, Section 846.

A preliminary hearing was held on March 27, 2008. At the preliminary hearing, the Government called FBI Special Agent Jason Rahoy, who provided no testimony on direct other than to submit the Complaint which he signed. On cross examination, it was revealed that Agent Rahoy had prepared reports in connection with the underlying investigation described in the Complaint, although the Government had not produced any of Agent Rahoy's reports in advance of the hearing as required by Rule 26 of the Federal Rules of Criminal Procedure. A request was

1

immediately made for Agent Rahoy's reports pursuant to Rule 26. None were provided. At the conclusion of the hearing, defense counsel moved to strike the testimony of Agent Rahoy based upon the Government's failure to produce his reports and statements, and sought a finding of no probable cause on that basis. The Honorable Magistrate Arlander Keys denied the motion. With respect to the evidence, Judge Keys found that the Government had only established a "pigeon bone broth" basis for the conspiracy on which he ultimately based a probable cause finding.

On or about April 16, 2008, the Government moved for extra time within which to seek the return of an indictment. The motion was unopposed, although defense counsel requested that the Government produce early discovery, including recorded conversations purportedly involving Mr. Butcher, so that defense counsel could have sufficient time to analyze the evidence and prepare any defense. The extension was granted. No discovery was provided.

On or about May 15, 2008, the Government moved for a second extension of time in which to seek the return of an indictment. Once again, although Mr. Butcher did not oppose the motion, he reiterated through counsel his desire to receive early discovery. The extension was granted, but no discovery was produced.

The Government made yet another request for additional time within which to seek the return of an indictment, on or about June 5, 2008. The extension was granted a third time. On or about June 19, 2008, the Government once again made a request for additional time. This fourth request was granted as well.

On July 2, 2008, the Grand Jury returned a 14 count indictment against Harold Perkins, Roberto Duran, Wallace Butcher, David Maldonado and Gladys Johnson (hereinafter "Defendants"). Defendant Butcher is charged in Count One with engaging in a conspiracy, from

January 2006 through March 2008, to distribute controlled substances, in violation of Title 21, U.S.C. § 846; in Count Eleven with using a telephone, on or about September 11, 2006, in connection with the commission of a felony violation of Title 21, U.S.C. § 846; in Count Twelve with possessing with intent to distribute a controlled substance on or about September 12, 2008, in violation of Title 21, US.C. § 841; and in Counts Thirteen and Fourteen with possessing a firearm while respectively having a prior felony conviction, in violation of Title 18, U.S.C. § 922(g), and purportedly engaging in a drug trafficking crime, in violation of Title 18, U.S.C. § 924(c).

Mr. Butcher was arraigned on July 8, 2008. Discovery pursuant to Rule 16 was due on July 16, 2008. The Government, however, did not produce Rule 16 discovery on the date ordered by the Court or in a timely manner, as further detailed below.

### The Government's Defective 851 Notice

On or about July 21, 2008, the Government filed an Information Stating Previous Drug Conviction To Be Relied Upon In Seeking Increased Punishment. As detailed herein, the notice appears to be inaccurate and is, therefore, defective.

### The Government's Late and Incomplete Production

On Monday August 4, 2008, defense counsel received in the mail 14 compact disks containing discovery materials. The mailing was post-marked July 31, 2008, approximately 2 weeks after the scheduled date for Rule 16 discovery.

The discovery was also incomplete. Specifically, rather than providing complete recordings and transcripts for all intercepted calls, the Government only provided those calls it deemed to be pertinent. Ten day reports were not produced. Special reports to the Grand Jury

3

Judge, if any, were not produced. Minimization instructions and other documents reflecting adequate minimization were not provided. Without the complete recordings and minimization documents, defense counsel cannot adequately prepare pre-trial briefs relating to the wiretap evidence.

The discovery also did not contain any reports or notes prepared by Special Agent Rahoy. Given that Agent Rahoy has provided testimony, his reports, notes and statements, which should have been provided before the preliminary hearing, should, at a minimum, be produced now.

Also missing from the production were the reports for the Chicago Police Officers involved in the underlying investigation and the seizure, including those for Officers Timothy Tremaine and Joseph Seinitz, as well as certain ATF reports that would have been prepared in the course of analyzing the firearms evidence.

On August 6, 2008, defense counsel spoke with Assistant U.S. Attorney Tyler Murray regarding these deficiencies. Mr. Murray stated that further production would be made. At the time of this motion, however, no further production has been received.

Counsel for Defendant Butcher has spoken to counsel for Defendants Perkins, Maldonado and Johnson, all of whom have indicated that they have no objection to this motion. Counsel for Defendant Duran was contacted, but as of the time of the filing of this motion, no return response has been received. Tyler Murray, the Assistant United States Attorney assigned to this case, has indicated that the he has no objection to providing defense counsel additional time to file pretrial motions, but he reserves the right to object to any of the other facts or legal arguments made by Mr. Butcher.

II. **DEFENDANT'S PRE-TRIAL MOTIONS**

    A. **Motion For Extension of Time to File Additional Pretrial Motions**

Defendant has yet to receive all of the required discovery production from the Government. Moreover, the production which has been received is voluminous, and was only received on August 4, 2008—well after the July 16 deadline set by the Court. Accordingly, Defendant will need further time to prepare and file pretrial motions, and therefore requests an additional 60 days beyond the August 20 deadline originally set by the court.

    B. **Defendant's Motion For Disclosure Of Favorable Evidence**

Defendant moves this Honorable Court pursuant to the Fifth Amendment and the principles enunciated in *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972); *United States v. Bagley*, 473 U.S. 667 (1986); and *Kyles v. Whitley*, 115 S.Ct. 1555 (1995), to require the Government to disclose immediately any evidence or information known to the Government or in its possession, custody or control, the existence of which is known or by the exercise of reasonable diligence may become known, that (1) is favorable to the Defendant and is material to the issues of his guilt, innocence, or sentencing, or (2) bears upon the credibility of a government witness.

Just as case law requires a criminal defendant to make particularized requests for *Brady* and *Giglio* material, the Government is required to respond to the requests. *See United States v. Horak*, 633 F.Supp 190, 196 (N.D. Ill. 1986), (aff'd in part on other grounds, vac. in part on other grounds), 833 F.2d 1235 (7th Cir. 1987); *United States v. Cafaro*, 480 F.Supp. 511, 519 (S.D.N.Y. 1979).

The defense is confident that Government counsel intends to produce any and all *Brady* material of which he becomes aware. Nevertheless, Defendant believes it is necessary to make a record of his specific request for *Brady* material, to the extent possible, in the event that the Government objects to any of the materials requested in this motion. *See Agurs v. United States*, 427 U.S. 97 (1976).

The information requested by Defendant includes, but is not limited to, the following:

1. Any and all written or recorded statements of, including handwritten or typed notes, memoranda, and reports of interviews with any individual, including government agents, persons who may have cooperated with the government, and persons not charged in the indictment, which tend to exculpate the Defendant, reflect favorably on the Defendant, or which are consistent with the Defendant's innocence.

2. A summary of each interview described above in item 1 if no written or other record of the interview exists.

3. The name, last known address, and written or recorded statement, memorandum or notes of interview, of any individual whose testimony would be favorable to the Defendant in any way or consistent with his innocence, including, but not limited to, statements that the Defendant instructed or expected others to conduct themselves in conformance with applicable laws.

4. The name, last known address and statement, memorandum, or notes of interview of any individual whose testimony would contradict or be inconsistent with the expected testimony of any witness for the Government, regardless of whether the Government intends to call such a person as a government witness.

5. Any evidence or information which contradicts or is inconsistent with the expected testimony of any witness for the government.

6. Any evidence or information which reflects adversely on the credibility of any witness the Government intends to call at trial. This includes, but is not limited to, evidence or information relating to the commission of crimes, (whether or not resulting in prosecution or conviction), bad acts, or the giving of false or misleading statements of any kind.

7. The results, reports, analysis and/or any other documentation relating to any handwriting exemplars and/or analysis thereof obtained or sought by the government with regard to any defendant, witness or other person in relation to this case or its investigation.

8. Any prior statement or testimony of a government witness containing or reflecting any contradiction or inconsistency with the expected trial testimony of the witness, or with other statements or testimony given or made by the witness.

9. Any consideration, promise of consideration, or benefit conferred by the Government to any government witness, including, but not limited to any confidential informants. "Consideration" means anything of value, whether bargained for or not, that arguably could benefit the witness or persons connected with the witness, including, but not limited to any plea agreement entered into between the witness and the government or any State or other authority; formal or informal, direct or indirect immunity, leniency, favorable treatment or recommendation of any kind; other assistance with respect to pending or potential criminal charges, parole, probation, pardon, clemency, civil disputes, tax liability, administrative proceedings, or any other dispute with the witness or between the witness and any other person or authority; payments of money, rewards or fees, witness fees, transportation, legal services or other benefits, or

subsistence payments of any kind; and anything else as an inducement to testify that arguably could reveal an interest, motive, or bias of a witness in favor of the Government and/or against the Defendant.

10. The criminal identification and history sheet of each government witness.

11. Any criminal charges pending against any government witness that have not been disposed of either by conviction or acquittal, or for which the witness has not yet been sentenced.

12. Any criminal activity in which a government witness has engaged that has not resulted in prosecution or conviction.

13. The name, address and statement or memorandum of interview of any individual who has been interviewed by the government who had knowledge of the activity alleged in the indictment or was present when the events in question occurred and who failed to implicate the defendant in the this activity.

14. A summary of each interview described above in item 13 if no written or other record of the statement or interview exists.

15. Any and all books, papers, records or documents which contain evidence favorable to the Defendant or are consistent with his innocence, including without limitation any information related to defendant's honest employment for his uncle, Harold Perkins.

16. Any illegal, unconstitutional, or unauthorized activity engaged in by any agents of law enforcement or persons acting on their behalf in connection with this indictment, the investigation that led to the indictment, or any related investigation, including without limitation, the search of any apartment, residence or location including 4538 North Clark, Chicago, Illinois.

17. Any statements made by a witness the Government intends to call at trial which arguably could reveal an interest, motive or bias of that or any other witness against the Defendant and/or in favor of the Government.

It is respectfully requested that this Court's order requiring the Government to produce evidence favorable to the Defendant provide the that the Government is under a continuing obligation to furnish such evidence that may or should come to its attention through the course of its preparation and trial of this case. *See* FED.R.CRIM.P. 16(c).

### C.  Defendant's Motion For Earlier Notice Of The Government's Intention To Use Rule 404(b) Evidence At Trial

So that Defendant is on record requesting full discovery of 404(b) information, Defendant makes this motion and states that prompt disclosure of any 404(b) evidence which the Government intends to use at trial is necessary to provide the Defendant with sufficient time to address the myriad issues which would be raised by an attempt to introduce evidence under this rule. Accordingly, Defendant requests that the Government be required to give notice of its intention to offer any evidence of "other crimes, wrongs or acts," as that phrase is used in Federal Rule of Evidence 404(b) at least 30 business days (excluding court holidays) prior to any scheduled trial date, which based on the current schedule would be by November 24, 2008 at the latest. This notice should include at a minimum:

(a) the nature of the purported dates, times, places and persons involved in the other crimes, wrongs or acts;

(b) the dates, places, and persons involved, and identification of the documents which contain or evidence the other crimes, wrongs or acts; and

> (c) the issue or issues on which the Government believes such other crimes, wrongs or acts evidence is relevant under Rule 404(b).

Without such disclosure, Defendant will lack sufficient notice to satisfy his due process rights, and defense counsel will not be able to fulfill their Sixth Amendment obligation of adequate investigation and preparation. This is particularly true in light of the fact that much of the purported conduct at issue is already several years old. Thus, it will likely be a time-consuming and complex task to investigate any 404(b) evidence the Government may intend to offer.

Federal Rules of Evidence 404(a) and 404(b) limit the admissibility of uncharged acts, and courts strictly limit the admissibility of "other acts" evidence by requiring (among other things) that the government establish the relevance of the evidence to a disputed issue in the case. *See, e.g., United States v. French*, 974 F.2d 687, 694-95 (6th Cir. 1992); *United States v. Harrison*, 942 F.2d 751, 759 (10th Cir. 1991). In 1991, Congress amended Rule 404(b) to provide that the government must give a defendant "reasonable notice in advance of trial" of any Rule 404(b) evidence that it intends to introduce at trial. *See United States v. Messino*, 855 F.Supp. 955, 965 (N.D. Ill. 1995). In particular, the amended Rule expressly provides that:

> upon request by the accused, the prosecution in a criminal case <u>shall</u> provide reasonable notice in advance of trial . . . of the general nature of any such evidence it intends to introduce at trial.

FED. R. EVID. 404(b)(emphasis added).

The purpose of the pre-trial notice requirement is "to reduce surprise and promote <u>early resolution</u> on the issue of admissibility." *See* Advisory Committee Notes on the 1991 Amendment (emphasis added). The Rule does not set forth specific time limits in "recognition

that what constitutes a reasonable request or disclosure will depend largely on the circumstances of each case." *Id.* Accordingly, the Court has discretion to order the immediate disclosure of the evidence sought by this motion. Such notice is necessary to ensure that Defendant has sufficient time to file appropriate motions *in limine* challenging the admission of "other act" evidence. If the Government provides notice only on the eve of trial, Defendant will not have sufficient time to review the evidence and file appropriate motions, and the Court will not be able to rule on the admissibility of such evidence prior to trial.

Moreover, the required notice should extend to all "other act" evidence that the Government intends to use, not only in its case-in-chief, but also in cross-examination or rebuttal. In this regard, the Advisory Committee Notes expressly state that the amendment to Rule 404(b)

> requires the prosecution to provide notice, regardless of how it intends to use the extrinsic evidence at trial, i.e., during its case-in-chief, for impeachment, or for possible rebuttal.

*Id.* While the required notice does not have to identify all of the precise details concerning the "other acts," the government is required to provide defendants with sufficient information to support a motion *in limine*. *See United States v. Long*, 814 F.Supp. 72, 73-74 (D. Kan. 1993). Such disclosure is consistent with the goals of early resolution of "admissibility issues which underlie the 1991 amendments to the Rule." *Id.* For the same reasons, the notice should also identify the specific purpose for which the government intends to offer the evidence. *Id.*

In addition, Defendant respectfully moves this Court to order the Government to provide earlier notice of its intention to use Rule 404(b) evidence at trial. As currently scheduled, the Government's Rule 404(b) notice is due on December 18, 2008. Trial is scheduled to commence

11

on January 12, 2008.[1] Because of the intervening holidays, there are few business days between the timing of the notice and the commencement of the trial when witnesses or other necessary parties may be available to aid the defense in preparing any appropriate response. Thus, defense requests that the Government be required to provide a Rule 404(b) notice at least 30 business days (excluding court holidays) prior to any scheduled trial date, which based on the current schedule would be by November 24, 2008 at the latest.

The early notice is especially necessary here, where the Government has already twice provided incorrect information to the Court regarding Mr. Butcher's prior criminal history. First, in the initial July 30, 2006 application to intercept calls over Target Phone 1, the Government made the highly prejudicial, false and inflammatory claim that Mr. Butcher was convicted for "Criminal Sexual Assault Against Child" for which he was purportedly sentenced "[o]n January 11, 2005 . . . to 2 years and 6 months' imprisonment with the IDOC." The statement is not true.

Second, in its 851 Notice, the Government claims that "[o]n or about September 24, 2004, in the Circuit Court of Cook County, in Case No. 03CR21197, defendant WALLACE BUTCHER was convicted of possession of controlled substances in violation of 720 ILCS 570/402(C), a class 4 felony under Illinois law." This statement is inconsistent with the representation that another branch of government, the Pre-Trial Services Office, made to the Court at the time of Mr. Butcher's arrest. According to Pre-Trial Services, all that occurred in the above-captioned case in

---

[1] Counsel reserves the right, and indeed expects that it will seek, to move the trial date to have adequate time to prepare a defense and conduct its own investigation once full discovery has been provided by the Government.

September of 2004 was that Mr. Butcher was released on a bond after violating a condition of his probation.

Given the conflicting government statements and misstatements regarding purported prior acts by Mr. Butcher, in addition to the supplementary discovery requested in Section F below, the Government should be required to provide earlier notice of its intention to use any 404(b) evidence. Given the history in this case, the risk that incorrect prejudicial information could be put before the jury is simply too great.

### D. Defendant's Motion To Preserve Agents' Notes, Memoranda And Reports, And To Produce Any Notes And Reports Prepared By Agent Rahoy And By Chicago Police Officers Involved In The Underlying Investigation.

Defendant respectfully requests that the Court enter an Order compelling all law enforcement agents, (federal, state, and local) and all government witnesses in this case to retain and preserve all of their rough notes and/or memoranda and reports.

Additionally, Defendant requests that the Government be ordered (1) to produce any reports prepared by agent Rahoy in connection with the underlying investigation so that Defendant may have a full and fair opportunity to assess the possible Rule 26 violation committed by the Government at the preliminary hearing; and (2) to produce any reports prepared by the Chicago police officers involved in the underlying investigation, including, without limitation, Police Officers Timothy Tremaine and Joseph Seinitz.

Under certain circumstances, interview, "debriefing," surveillance, and other investigative notes or memoranda, and reports prepared from such notes or memoranda, are subject to disclosure pursuant to the provisions of 18 U.S.C. §3500; *Jencks v. United States*, 353 U.S. 657

(1967), and the doctrine of prosecutorial disclosure articulated by the United States Supreme Court in *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. *See e.g., United States v. Bell*, 457 F.2d 1231, 1235 (5th Cir. 1972). *See also, United States v. Harrison*, 524 F.2d 421, 422-434 (D.C. Cir. 1975). Whether such notes or memoranda constitute *Jencks* or *Brady* material should be decided, at the very least, by the Court and not exclusively by the Government or its agents. *United States v. Delgado*, 56 F.3d 1357 (11th Cir. 1995); *United States v. Sink*, 586 So.2d 1050 (5th Cir. 1978). Indeed, in *United States v. Bell*, the Fifth Circuit noted:

> It is well established that "individual notes and reports' of agents of the government, made in the course of a criminal investigation, are the proper subject of inquiry and subject to production under the Jencks Act" . . . It is not the function of the trial judge to speculate as to the usefulness of the reports to the defendant, rather his primary inquiry is directed to the producibility of the reports.

457 F.2d at 1235 (quoting *Lewis v. United States*, 340 F.2d 678, 682 (8th Cir. 1965)).

The notes, memoranda and/or reports which the Defendant seeks to be preserved by this motion may contain facts crucial to the defense of his case and to fact-finding issues which this Court will ultimately be bound to determine. Whether or not such notes, reports and/or memoranda are *Jencks* material, they may contain *Brady* material. Again, if the Government objects to disclosure of such material to the Defendant directly, this Court must decide whether the materials are subject to production under the *Brady* doctrine.

Based on the above, Defendant requests that all law enforcement agents, (federal, state, and local) and all government witnesses in this case retain and preserve all of their rough notes and/or memoranda and reports, whether handwritten, typed, or electronically recorded, in connection with their investigation, acts, conduct and/or testimony in the above-captioned case and specifically including, but not limited to:

    a.    Any notes, memoranda, or reports of any interview by a government agent (whether federal, state, or local) with any confidential informant, government witness, potential witness or other individual;

    b.    Any surveillance notes, memoranda, or reports made by any government agent (whether federal, state, or local); and

    c.    Notes made during the examination of any physical or documentary evidence, or crime scenes, or review of electronic surveillance tapes or recordings.

### E. Defendant's Motion To Compel Earlier Presentation Of A *Santiago* Memorandum

The Court has already ordered the Government to submit a "*Santiago* proffer" of proof to establish the foundational requirements for the introduction of any co-conspirator statements under FED. R. EVID. 801(d)(2)(E). For the reasons stated below, Defendant requests submission of a *Santiago* proffer no less than 30 business days, excluding court holidays, prior to trial so that he may have adequate time to review, investigate and respond to such memorandum prior to trial.

To introduce statements under FED. R. EVID. 801(d)(2)(E), the Government must show that (1) a conspiracy existed; (2) the defendant and declarant were members of the conspiracy; and (3) the co-conspirator statements were made during the course of and in furtherance of the conspiracy. *United States v. Cox*, 923 F.2d. 519, 526 (7th Cir. 1991). If the Government fails to make this threshold showing, such statements are inadmissible hearsay against the non-declarant. *Id.*

15

In *United States v. Santiago*, 532 F.2d 1128 (7th Cir. 1978), the Seventh Circuit held that under FED. R. EVID. 104(a), the question "whether or not the conspiracy has been established by sufficient, independent evidence . . . so as to permit admission of co-conspirator's declarations" is a question for the trial judge to determine outside the presence of the jury. The government's submission of a pretrial proffer of proof establishing the foundational requirements for the admission of a co-conspirator's statements is the preferred and most efficient method of facilitating this determination. *Cox*, 923 F.2d at 526-27; *United States v. Shoffner*, 826 F.2d 619, 628-30 (7th Cir. 1987). Accordingly, the Court should order the Government to submit a *Santiago* proffer which "preview[s] the evidence which [the government] believes brings the statements within the co-conspirator rule." *Cox*, 923 F.2d at 526.

If the evidence is insufficient to support the introduction of the various proffered statements, the proper remedy is exclusion of the purported co-conspirator statements. *See United States v. Williams*, 798 F.2d 1024, 1028-29 (7th Cir. 1986). Of course, the defense should be afforded the opportunity to challenge the sufficiency of the proffer as to whether it establishes the foundational requirements regarding the existence of the conspiracy and/or individual declarations which may not satisfy the "in furtherance" requirement of Rule 801(d)(2)(E). Because the appropriateness of charging the Defendants together in a conspiracy has already been brought into question by the findings of Judge Keys, and also because the Defendant will need sufficient time to investigate and respond to the claims made by the Government in its proffer, Defendant requests that the Court order the Government to submit its proffer not less than 30 days before trial and grant the defense two weeks to respond thereto, if necessary.

Because the Government has been investigating this case for over two years, producing a *Santiago* memorandum in advance of trial will not be unduly burdensome. Further, by ordering the Government to present a detailed pretrial memorandum describing its evidence of a conspiracy, if any, the Court will facilitate early resolution of the issue of admissibility of any proffered co-conspirator statements and will minimize any delay at the time of trial. Early resolution of the *Santiago* issues will also facilitate a decision as to whether severance, redaction or another remedy may be warranted in order to avoid a *Bruton* problem should the Government attempt to introduce the statement(s) of one defendant which tend to implicate a codefendant.[2] *See Bruton v. United States*, 391 U.S. 123, 20 L.Ed.2d 476 (1968).

Given Judge Keys' finding that the "conspiracy" alleged in the Complaint was barely supported by a "pigeon bone broth" of probable cause, the need for a thorough and early production of a *Santiago* proffer by the Government is especially in the interest of justice in this case. Under the current scheduling order of this court, the Government's Santiago proffer is due only 15 business days (on December 18, 2008), excluding court holidays, before the currently scheduled trial date. Trial is scheduled to commence on January 12, 2008. Defendant requests that the Court order the Government to produce a *Santiago* proffer by no later than November 24, 2008, so that Defendant may have sufficient time to analyze and, if necessary, respond to the proffer. Given that the Government took over two years to complete the investigation, required no less than four extensions of time to seek the return of an indictment after arresting the

---

[2] Defendant expressly reserves the right to move for a severance or other appropriate remedy pursuant to *Bruton v. United States*, 391 U.S. 123 and its progeny should the Government express its intention to offer at a joint trial statements made by a co-defendant which inculpate the Defendant.

Defendants, and was unable to provide complete discovery within the statutory time frame, it would be unreasonable to expect the Defendants to be able to assimilate all of the purported evidence of a conspiracy and adequately prepare a defense in the short time that has been allotted.

For all of these reasons, Defendant requests that the Court order the Government to present a *Santiago* proffer not less than 30 business days, excluding Court holidays, before trial.

### F.   Motion For An Order Requiring The Government To Provide Court Records For Criminal Case 03 CR 21197

On July 21, 2008, the Government filed a notice pursuant to Title 21, U.S.C. § 851, seeking to increase the mandatory minimum from 10 to 20 years, in connection with the sentence the Government hopes to obtain against Mr. Butcher post-conviction (hereinafter "Notice"). The Notice indicates that "[o]n or about September 24, 2004, in the Circuit Court of Cook County, in Case No. 03CR21197, defendant WALLACE BUTCHER was convicted of possession of controlled substances in violation of 720 ILCS 570/402(C), a class 4 felony under Illinois law."

Defendant hereby contests and denies the allegations contained in the Notice since the allegations appear, among other things, to be inaccurate. Specifically, upon information and belief, no conviction occurred on September 24, 2004.

So that this matter may be properly adjudicated, Defendant respectfully requests that the Court order the Government to obtain, to the extent it has not already done so, and produce to Mr. Butcher, the underlying charging documents in Case No. 03CR21197, the transcript of any plea related thereto, any materials detailing the precise violation of probation that gave rise to the purported conviction, and any sentencing, judgment or conviction orders and related papers.

Without these materials, Mr. Butcher cannot adequately respond to the claims made by the Government in the Notice.

**G.    Motion For Early Return Of Trial Subpoenas**

Defendant additionally requests that the Court issue an order permitting the early return of trial subpoenas so that Defendants can prepare their case for trial.

WHEREFORE, Defendant Wallace Butcher respectfully requests that the Court grant:

   A.   Defendant's Motion For Extension Of Time To File Pretrial Motions;

   B.   Defendant's Motion For Disclosure Of Favorable Evidence;

   C.   Defendant's Motion For Prior Notice Of The Government's Intention To Use Rule 404(b) Evidence at Trial by no later than November 24, 2008;

   D.   Defendant's Motion to Preserve Agents' Rough Notes, Memoranda and/or Reports, and To Produce Any Notes or Reports Prepared by Agent Rahoy And By Chicago Police Officers Involved In The Underlying Investigation;

   E.   Defendant's Motion to Compel Presentation of a *Santiago* Proffer by no later than November 24, 2008;

   F.   Defendant's Motion For An Order Requiring The Government To Provide Court Records For Criminal Case 03 CR 21197; and

   G.   Defendant's Motion For Early Return of Trial Subpoenas.

                                           Respectfully submitted,


                                           /s/ Heather L. Freiburger
                                           An Attorney for Defendant Wallace Butcher

Dated: August 11, 2008

Michael Z. Gurland, Esq.
Heather L. Freiburger, Esq.
NEAL, GERBER & EISENBERG, LLP
2 North LaSalle, Suite 2200
Chicago, Illinois  60602
(312) 269-8440

NGEDOCS: 1550365.2